**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LUIS MUSSO, | : |
| | : CIVIL ACTION NO. 07-5212 (MLC) |
| Petitioner, | : |
| | : **MEMORANDUM OPINION** |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

**COOPER, District Judge**

This matter comes before the Court on the pro se motion of Luis Musso ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The underlying criminal action in this Court was United States v. Musso, Crim. No. 06-410 (MLC). For the following reasons, issued without oral argument, see Fed.R.Civ.P. 78(b), the Court will deny the motion and decline to issue a certificate of appealability.[1]

---

[1] This motion was originally filed in Petitioner's criminal action as a "Motion for Sentence Adjustment", invoking no rule or statute for such a motion. We denied that motion as lacking in jurisdictional basis, and directed the Clerk to file the notice of motion as a separate action under 28 U.S.C. § 2255, with a nunc pro tunc filing date relating back to the original filing date of the motion in the criminal action. See United States v. Musso, Crim. No. 06-410 ("crim. dkt. entry"), Order entered 10-30-07. This motion was then filed under the above-captioned civil docket number. Entries on this docket are cited as "dkt. entry."

**BACKGROUND**

Petitioner entered a plea of guilty to an Information charging one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(I), on May 31, 2006.  He was sentenced to a term of 63 months imprisonment, five years of supervised release, and a fine of $100.  His guideline range for imprisonment was 120 months to 121 months, taking into account the applicable ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(I).[2]  However, the government moved for departure under USSG § 5K1.1 and 18 U.S.C. § 3553(e), based on substantial assistance.  The Court granted the motion and imposed the 63-month term of imprisonment by departure.  The Judgment of Conviction was filed on October 31, 2006.  (Crim. dkt. entry 25.)  Petitioner did not appeal.

The current motion was filed nunc pro tunc on July 24, 2007. (Dkt. entry 1.)  See n.1 supra.  It was timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  This

---

[2] As set forth in the Presentence Investigation Report and adopted by the Court at sentencing, Petitioner had a total offense level of 29 and Criminal History Category of II.  That resulted in a guideline range of 97 to 121 months on the Sentencing Table, but due to the ten-year mandatory minimum the resulting guideline range was 120-121 months.

Court issued Petitioner a <u>Miller</u> notice by Order filed on December 11, 2007. (Dkt. entry 3.)  He responded, stating his intention to proceed with the petition as a Section 2255 motion as filed.  (Dkt. entry 4.)  The Court directed respondent to answer, and the answer was filed on February 29, 2008.  (Dkt. entry 9.)  The Court issued an Order on March 20, 2008, advising Petitioner that any reply could be filed within 45 days.  (Dkt. entry 10.)  No reply was filed, and as of July 14, 2008, Petitioner indicated by letter that he seeks a ruling on the motion.  (Dkt. entry 11.)

### DISCUSSION

> Under 28 U.S.C. § 2255:
>
> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This Court has jurisdiction under 28 U.S.C. § 1331.  Petitioner has the burden of establishing any claim asserted in the motion. <u>United States v. Abbott</u>, 975 F.Supp. 703, 705 (E.D. Pa. 1997).

The sole claim asserted in this motion is that because of his status as a deportable alien, Petitioner does not qualify for

certain programs from the Bureau of Prisons, including the residential drug treatment program and a half-way house release when he nears the end of his custodial sentence.  He contends that his deportation status is a "collateral consequence" that causes him to serve "a longer period of imprisonment under more severe conditions than would apply to a United States citizen convicted of the same offense."  (Dkt. entry no. 2, at 1.)  He seeks a six-month reduction in his term of imprisonment, citing United States v. Restrepo, 802 F.Supp. 781 (E.D.N.Y. 1992).

  The District Court decision in Restrepo was reversed on appeal, and the sentence in that case was vacated.  See United States v. Restrepo, 999 F.2d 640 (2d Cir.), cert. denied, 510 U.S. 954 (1993).  The Second Circuit ruled that a policy denying reassignment to minimum security facilities to alien prisoners, who must be deported on account of their convictions, is not an appropriate basis for departure from the guidelines imprisonment range.  999 F.2d at 645.  It observed that "Congress has directed that upon release from prison, a deportable alien is not to be released back into the community, but must instead, pending deportation, be released to the custody of the Attorney General." Id. (citing 8 U.S.C. § 1252(a)(2)(A)).  Therefore, the Bureau of Prisons policy not to permit deportable aliens to be released into community confinement also was held to be an inappropriate

4

basis for departure.  Id.  We agree with the reasoning of the Second Circuit on those issues.[3]

The government also points out that Petitioner's plea agreement here specifically agreed that he would not file a Section 2255 motion, or any post-conviction challenge to his sentence, if his sentence fell within or below the guidelines range resulting from a total offense level of 29.  (Dkt. entry 9, at 2 and attachment:  Plea Agreement at 6-7.)  Petitioner's sentence in this case was substantially below that guideline range.  See n.2 supra, and accompanying text.  We find that this provision of Petitioner's plea agreement is enforceable and bars his post-conviction attack on the sentence in this case.  See, e.g., Baker v. United States, No. 04-5461, 2007 WL 1071958, at *7 (D.N.J. Apr. 5, 2007) (finding "the waiver of appeal and collateral attack stipulated to in Petitioner's plea agreement are valid and enforceable, and Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 must be denied"; relying on standard set forth in United States v. Khattak, 273 F.3d 557 (3d Cir. 2001)).

---

[3] The Third Circuit does not appear to have addressed those issues.  See United States v. Mora, No. 98-310, 2002 WL 467740, at *2 (E.D. Pa. Mar. 26, 2002) (stating same in addressing Section 2255 motion under docket for original criminal action).

**CONCLUSION**

Petitioner's motion will be denied for the reasons stated.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  Cf. Fed.R.App.P. 22; Local App.R. 22.2.  A certificate of appealability is issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000).  For the reasons discussed above, the petition does not make such a showing here.

The Court will issue an appropriate Order and Judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: August 1, 2008